IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CARL MOOERS,<br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WARDEN JOSEPH PELZER, WCCF;<br>MEDICAL DEPARTMENT WCCF,<br>　　　　　　　Defendants. | )<br>)<br>)<br>) Civil Action No. 11-1583<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) |

## **OPINION AND ORDER**

Plaintiff, David Carl Mooers, has presented a civil rights complaint against Defendants Warden Joseph Pelzer and the Medical Department at the Westmoreland County Correctional Facility ("WCCF"), alleging that while he was incarcerated at the WCCF, he was denied proper medical care in violation of the Eighth and Fourteenth Amendments to the United States Constitution. [ECF No. 3].

On March 16, 2012, this Court issued an Order directing Plaintiff to furnish the Court with service papers for each Defendant on or before March 30, 2012. [ECF No. 10]. On April 27, 2012, having failed to receive the service papers, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute by May 11, 2012. [ECF No. 11]. To date, Plaintiff has failed to provide the proper service papers or given any other indication to the Court that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

　　　　(1)　　The extent of the party's personal responsibility.

> (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders which weigh heavily against him. Providing the Court with the paperwork required so that his case can move forward and otherwise complying with court orders is not only solely his personal responsibility but his failure to do so even at this juncture appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants as they have not yet been served with the complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because Plaintiff has failed to respond to the Court's Order directing him to provide the requisite service papers and failed to respond to the Order to Show Cause, it appears that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, is the most appropriate action for this Court to take since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

AND NOW, this 14th day of May, 2012, IT IS HEREBY ORDERED that the Complaint [ECF No. 3] is DISMISSED for failure to prosecute.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P.

BY THE COURT,

/s/Maureen P. Kelly
United States Magistrate Judge

cc: David Carl Mooers
207 South Main Street
Washington, PA 15301